**Bhupinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

**No. 03–74535.
Agency No. A75–256–060.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Mohinder Singh, Esq., Walnut Creek, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Barbara C. Biddle, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Bhupinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order summarily affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of deportation and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for substantial evidence a finding of adverse credibility, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination, because the IJ cited material inconsistencies in Singh's testimony and documentary evidence regarding Singh's age that go to the heart of Singh's asylum claim. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151–52 (9th Cir.1999). Our review of the record does not compel a contrary conclusion. *See id.* at 1153.

Because Singh failed to show that he was eligible for asylum, he necessarily fails to meet the more stringent standard for withholding of deportation. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Singh's claim under the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

CAT is based on the same testimonial and documentary evidence that the IJ determined to be not credible in connection with his asylum claim, the IJ also properly denied Singh protection under the CAT. *See id.* at 1156–57.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED.